```
                    UNITED STATES DISTRICT COURT
                    MIDDLE DISTRICT OF TENNESSEE
                         NASHVILLE DIVISION
```

JOHN MAYER GYLLENHAAL            ]
    Plaintiff,                   ]
                                 ]
v.                               ]        No. 3:12-1145
                                 ]        Judge Trauger
TAYLOR ALISON SWIFT              ]
    Defendant.                   ]


# O R D E R

The Court has before it a *pro se* complaint (Docket Entry No.1) and an application to proceed in forma pauperis (Docket Entry No.2).

The plaintiff is a resident of Nashville. It appears from the application that he lacks sufficient financial resources to pay for the costs of the action. Therefore, the Clerk will file the complaint in forma pauperis. 28 U.S.C. § 1915(a). However, process shall NOT issue.

The plaintiff alleges that he witnessed the defendant, a country music celebrity, having sex with several individuals, including the President in the Oval Office. He further claims that the defendant assaulted him and stole his American Express credit card. Finally, the plaintiff alleges that the defendant gave him genital herpes.

Before a lawsuit can proceed, the plaintiff must show that his

claims fall within the scope of this Court's subject matter jurisdiction. <u>Perkins, Inc. v. Werner and Pfleiderer Corp.</u>, 710 F.2d 1561, 1565 (D.C. Cir.1983). This Court has jurisdiction to adjudicate claims involving a federal question, 28 U.S.C. § 1331, or claims involving parties with diversity of citizenship. 28 U.S.C. § 1332.

In this case, the plaintiff asserts that the Court has federal question jurisdiction over his claims. The plaintiff's allegations, however, do not rise to the level of a federal question. A district court is obliged to consider matters of jurisdiction, *sua sponte* if necessary. <u>Hadley v. Werner</u>, 753 F.2d 514, 516 (6th Cir.1985). Here, the plaintiff has failed to show that his claims fall within the scope of this Court's jurisdiction.

Accordingly, this action is hereby DISMISSED for lack of subject matter jurisdiction. Rule 12(h)(3), Fed. R. Civ. P.

Entry of this order shall constitute the judgment in this action.

It is so ORDERED.

_____
Aleta A. Trauger
United States District Judge